THE STATE, EX REL. PRICE, ATTY. GENL., *v.* DEWITT
ET AL., D. B. A. GRANT DEWITT & SONS.

*Constitutional law—Workmen's compensation—Section 1465-61,
General Code—Principal liable to employe of independent
contractor—Dealer in hay and straw—Contract for baling—
Dealer liable to employe of contractor.*

1. Section. 1465-61, General Code (107 O. L., 159), which pro-
vides that a person in the employ of an independent con-
tractor or subcontractor who fails to comply with the Work-
men's Compensation Act shall for the purpose of work-
men's compensation be deemed the employe of the prin-
cipal who has entered into such independent contract or
subcontract, is constitutional.

2. A principal who extensively purchases, sells and handles
hay and straw, the baling whereof is one of the incidents
of such business, is liable under above act for an injury
to a workman employed by a contractor engaged in baling
hay for such principal, even although such principal has
a contract for such baling at a specified rate per bale,
which contract stipulates that such contractor will employ
and pay the necessary labor.

(Decided May 10, 1922.)

ERROR: Court of Appeals for Fayette county.

*Mr. John G. Price,* attorney general; *Mr. R. R. Zurmehly; Mr. R. R. Maddox,* and *Messrs. Rankin & Rankin,* for plaintiffs in error.

*Messrs. Hidy & Sanderson,* for defendants in error.

KUNKLE, J.  This action was brought by the Attorney General of Ohio on behalf of Mrs. Hoyt M. Hurley against Grant DeWitt, and others, upon an award of the Industrial Commission of Ohio made in her behalf on account of the death of her husband.  The first cause of action in the second amended petition charges that the defendants were engaged in business, and employed five or more workmen or operatives regularly, and had failed and neglected to comply with the provisions of the Workmen's Compensation Law by contributing to the compensation fund or by electing to pay compensation direct in compliance with the requirements of Section 1465-69, General Code.  It is also averred in the second amended petition that the decedent was an employe of defendants and was killed in the course of such employment.

The second cause of action of the second amended petition contains substantially the same averments above stated except that instead of alleging that the decedent was directly employed by the defendants it states that the defendants employed one Albert Watson to bale straw under a contract whereby the defendants were to furnish the straw to be baled, and were also to furnish the baler, and the said Watson was to employ and pay the help necessary to do such baling, was also to furnish the fuel and wire required for such baling, and was to receive for such serv-

ices from the defendants ten cents per bale for all straw so baled.

It is further claimed in the second amended cause of action of the second amended petition that Watson employed five or more workmen in the baling of said straw, among whom was the decedent, and that Watson failed to comply with the provisions of the Workmen's Compensation Act, by reason whereof such defendants became liable under the Workmen's Compensation Act for the award of the Industrial Commission of Ohio aforesaid.

A demurrer to the second cause of action in the second amended petition was overruled and the case proceeded to trial upon both causes of action.

At the close of the evidence, the trial court took the second cause of action from the jury and submitted the case to the jury solely upon the first cause of action. The jury returned a verdict in favor of the defendants upon the first cause of action.

Motion for a new trial having been overruled, error is prosecuted to this court.

We have carefully examined the record and have reached the conclusion that the issues raised by the first cause of action of the second amended petition were properly submitted to the jury and that the verdict of the jury in respect thereto is sustained by sufficient evidence.

This leaves for consideration the action of the trial court in taking the second cause of action of the second amended petition from the consideration of the jury. The second cause of action is based upon the amendment to Section 1465-61, General Code (107 O. L., 159), which amendment

became effective. June 28, 1917. Section 1465-61 undertakes to define the terms "employe," "workman" and "operative," as found in such act.

In part, the amendment reads:

"3. Every person in the service of any independent contractor or sub-contractor who has failed to pay into the state insurance fund the amount of premium determined and fixed by the industrial commission of Ohio for his employment or occupation, or to elect to pay compensation direct to his injured and to the dependents of his killed employes, as provided in Section 1465-69, General Code, shall be considered as the employe of the person who has entered into a contract, whether written or verbal, with such independent contractor unless such employes, or their legal representatives or beneficiaries elect, after injury or death, to regard such independent contractor as the employer."

It is claimed that a strict construction should be given this amendment, and that as no reference is made in the amendment to Section 1465-60, which defines "employers" subject to the provisions of the "Workmen's Compensation Act," such amendment cannot enlarge the definition of the term "employer" as found in that section.

The Legislature having amended Section 1465-61, we think such amendment became a part of the act and to that extent modified all other sections of the act affecting the subject-matter of the amendment.

This brings us to a consideration of the validity of the amendment above quoted.

The general grant of power to enact a Workmen's Compensation Law is contained in Section

35, Article II of the Constitution, as amended September 3, 1912. In the case of *Fassig* v. *State, ex rel. Turner, Atty. Genl.*, 95 Ohio St., 232, it was held:

"In the exercise of the power granted by Section 35, Article II of the Constitution, to pass a compulsory compensation law, the general assembly is authorized to include all such reasonable provisions as are necessary to make the law effective and to accomplish the purpose expressed in the constitutional provision referred to."

The general scope of the constitutional provision was "for the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment." The General Assembly, by the enactment of the amendment above quoted, placing some responsibility upon the general employer to require compliance by the subcontractor with the general provisions of the statute, evidently intended to promote the general purpose of workmen's compensation by providing against the subletting of distinct portions of the work to subcontractors who might be insolvent. We do not, however, go beyond the facts in the present case, nor determine to what extent the statute might affect a clearly independent contractor.

In the case at bar the defendants were extensive operators in the handling of hay, straw, etc., and the baling thereof was one of the incidents of the business. Watson, the subcontractor, was employed for the purpose of baling, at a fixed rate per bale. His contract was not in a distinct sense an independent contract. It did not cover any definite period of time or any definite quantity. The contract could have been terminated by the

defendants at any time, and the defendants might at any time have insisted upon Watson complying with the Workmen's Compensation Law as a condition to continuance of the contract.

The record shows that the defendants furnished the baler, made repairs thereon, furnished the straw and removed the baled straw from the baler, and there is also testimony tending to show that they interested themselves in finding employes for Watson to facilitate the baling.

Under these circumstances, we cannot escape the conclusion that the amendment above quoted should be applied and made effective as to the contract between the defendants and Watson and the employes of Watson under the contract. To hold otherwise would make it possible for an operator of an extensive plant to so sublet the different processes of the business as to practically leave workmen without that remedial protection which the Constitution provides and which the Legislature has sought to enact.

We cannot, therefore, escape the conclusion that the trial court erred in withdrawing the second cause of action from the jury.

We have considered the claim of counsel as to the unconstitutionality of the statute in question, but are of opinion that the same as applied to the facts in this case is not repugnant to any provision of the Constitution.

The judgment will be reversed and the cause remanded for further proceedings upon the second cause of action.

*Judgment reversed, and cause remanded.*

FERNEDING and ALLREAD, JJ., concur.